Phillip T. Whiteaker, Judge, concurring.
I agree with the majority that this case should be affirmed because any evidentiary error with respect to the text and voicemail messages was harmless given the overwhelming evidence of Farmer's guilt presented at trial. I write separately, however, to make clear my opinion that error, in fact, occurred.
As to the text messages, I recognize that the trial court had the discretion to admit the text conversation contained in State's exhibit 20 into evidence once it concluded that the text messages were genuine and that in reasonable probability they had not been tampered with or altered in any significant matter. See Goins v. State , 2019 Ark. App. 11, 568 S.W.3d 300. In deciding the issue of admissibility, the trial court had Fisher's testimony as to the exhibit's accuracy as well as evidence regarding the context in which the texts were made and by whom. Thus, given Fisher's testimony as to the authenticity of the texts and the information available to the court at the time of admission, I do not fault the trial court with exercising its discretion in admitting exhibit 20. However, once the trial court was presented with proof that Fisher had been untruthful, that the text conversation had been altered, and that texts had been deleted, I believe it was error not to grant Farmer's motion to strike the exhibit.
I am also of the opinion that the trial court erred in admitting the voicemail messages into evidence. Prior to trial, Farmer objected to the introduction of the voicemail messages on the basis that the *87 State had committed a discovery violation by not providing them to him in a timely manner. The State admitted that it had not furnished the messages in a timely fashion. While the trial court initially concluded that a discovery violation had occurred and that the voicemail messages should be excluded on that basis, it ultimately changed course and allowed the voicemail messages to be admitted into evidence. In so doing, the trial court recognized a discovery violation but provided no sanction for it. In my opinion, it was error for the trial court to allow an admitted discovery violation to remain unsanctioned.
While I write to express my opinion that error did occur, I agree with the majority that this case should be affirmed despite these errors, given the overwhelming evidence of guilt presented at trial.